```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE WESTERN DISTRICT OF WISCONSIN
_____
DANIEL R. MCBRIDE,
                              Plaintiffs,

     v.                                    MEMORANDUM and ORDER
                                               07-cv-491-jcs
MIKE THURMER, LORI SIMON
and CHAPLAIN FRANCIS,

                              Defendants.
_____
```

Plaintiff Daniel McBride was allowed to proceed on his First Amendment claim against defendants Mike Thurmer, Lori Simon and Chaplain Francis. In his complaint he alleges that the defendants denied him a reasonable opportunity to practice his Pagan religion.

On November 2, 2007 plaintiff moved for summary judgment. On November 19, 2007 defendants moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact, conclusions of law, affidavits and a brief in support thereof. On December 3, 2007 defendants advised that they did not intend to file a reply brief in support of their motion.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submissions by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party.  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).


FACTS

For purposes of deciding the motions for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Daniel B. McBride was transferred to the Waupun Correctional Institution (WCI) on July 23, 2003.  On April 4, 2006 plaintiff completed a religious preference form advising his religious preference as "Wiccan-Satan."

2

Defendant Mike Thurmer is the Warden at WCI. Defendant Lori Simon was the Corrections Program Supervisor at WCI. Defendant Chaplain Francis is the Chaplain at WCI.

Inmates at WCI who have designated Wicca or Pagan as their religious preference practice their religion under the Pagan (Wicca) Umbrella Group which meets weekly with an approved outside spiritual leader. The meetings usually involve a combination of ceremony and study group discussions. During their Wicca religious services inmates could have access to candles, alter cloth, bell, cauldron, chalice, pentagram, Salt and Pentacle dish and wooden wand.

At WCI the Pagan group meets in the basement of the chapel Mondays from 8:00 a.m. to 9:30 a.m. and is led by a volunteer. Inmates can attend this group meeting even if they have a work assignment during this time. Inmates in the Cognitive Intervention Program (CGIP) are not prevented from attending the Pagan group meeting.

Inmates who want to request a new religious practice that is not offered at an institution may complete a "Request for New Religious Practice Form" (DOC 2075). A member of the Wiccan group could have made a request to have an outdoor meet but no request has been made. To request a particular religious diet an inmate must submit to the Chaplain a Religious Diet Request Form.

Each religious group is allowed to have one feast celebration a year. The Wiccan volunteer leader determines which feast is to be celebrated. This year the group celebrated Equinox on September 24, 2007.

DOC 309 IMP 6A was developed to ensure that inmates have access to religious items as personal property. Religious advisors were consulted prior to the development of IMP 6A. On March 1, 2006 the Religious Property policy (IMP 6A) was revised to allow Wicca inmates to possess one emblem, oil for religious purposes, Book of Shadows Holy, logbook/notebook, feather, reflective surface such as mirror in cell, lanyard, religious books and publications and religious art. Allowable emblems are oghan-rectangular, triangle pendant, triskele-3 circles connected and a pentagram, a 5-pointed star in the upright position stamped on a disc or printed in a circle. In April 2007 the policy was revised to include Thor's Hammer as an allowed emblem.

There is Pagan literature, videos and cassettes available for all inmates in the resource room library. These resources are obtained through donations. WCI has at least six "Witch's Bible" in the library. There are more Bibles and Korans in the library because of more donations of these books. Inmates may also purchase their own religious texts subject to the normal property procedures.

Inmates in segregation are not allowed to go to the Pagan group meetings due to their status but they may participate in individual study and personal meditation in their cell. Chaplains conduct regular rounds in the segregation building. Inmates on segregation may possess for personal use one emblem that is paper or cloth picture of the emblem or one soft cover Book of Shadows or equivalent. They may also have a one ounce plastic bottle of one of the four approved scents: Frankincense, Ferdous, Sandalwood or Somali Rose. They may also possess religious art of approved pictures of signs or symbols.

Plaintiff has not submitted a request to hold Pagan services outside or any requests regarding religious practices. In addition he has not submitted a request for a religious diet.

Plaintiff was not allowed to have his Book of Shadows in segregation because it was a hard cover book. Only soft cover books are allowed in segregation for security purposes.

MEMORANDUM

Plaintiff claims that he was denied his First Amendment right of a reasonable opportunity to practice his religion by the defendants. Defendants move for summary judgment on this claim. Plaintiff also moved for summary judgment.

The First Amendment protects religious exercise that is central to a system of religious belief. An inmate is to be

provided a reasonable opportunity to practice his religion. Cruz v. Beto, 405 U.S. 319 (1972).

Defendants may limit the plaintiff's exercise of religion where the limitation is rationally related to legitimate penological interests such as security, rehabilitation, institutional order or economic concerns. Turner v. Safely, 482 U.S. 78, 89 (1987).

Plaintiff is allowed to attend Pagan services except when he is in segregation. This exception is reasonably related to the legitimate penological interest of security.

Plaintiff is allowed to possess his religious materials. His possession of these materials is only limited when he is housed in the segregation unit for security purposes. Specifically, while in segregation he is not allowed to have hard cover religious books. This restriction is reasonably related to the legitimate penological interest of security,

The undisputed facts indicate that defendants allowed plaintiff a reasonable opportunity to practice his Pagan religion according to Cruz v. Beto. Any limitation on the practice of plaintiff's religion while he was in segregation was rationally related to the legitimate penological interest of security. Plaintiff's First Amendment rights were not violated by the defendants.

Accordingly, defendants are entitled to judgment in their favor on plaintiffs' First Amendment claims. Defendants' motion for summary judgment will be granted. Plaintiff's motion for summary judgment will be denied.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claims must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.

It IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff DISMISSING his complaint and all claims contained therein with prejudice and costs.

Entered this 6th day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge